FRANK E. WATKINS, JR., Administrator D.B.N. for the Estate of Morris Williams, Appellant, v. VALLEY FIDELITY BANK AND TRUST COMPANY and Twin City Motors, Inc., Appellees.—474 S.W.2d 915

Western Section. May 26, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

494

Ted H. Lowe, Knoxville, for appellant.

Ronald L. Grimm, Ambrose, Wilson & Lockridge, Knoxville, for appellee Valley Fidelity Bank and Trust Co.

Rom Meares, Meares, Dungan & Jarvis, Maryville, for appellee Twin City Motors, Inc.

MATHERNE, J. Suit by administrator to recover damages due to breach of contract to obtain credit life insurance on the life of plaintiff's decedent.

The decedent, Morris Williams, purchased a new 1968 model 4-door Buick Skylark automobile from the defendant Twin City Motors, Inc. of Maryville, Tennessee. After allowing a trade in credit on a 1966 Buick, the balance due on the 1968 Buick purchased was $2,497.50. The new car order is dated October 20, 1967.

The decedent obtained a loan from defendant Valley Fidelity Bank and Trust Company in the amount of $3,344.50, payable in 29 monthly payments of $84.00 each, with a final payment of $908.50. The loan amount as arrived at by the bank was for the $2497.50 balance, plus $251.00 insurance, plus $81.37 credit life insurance premium, which resulted in an amount to be financed of $2,829.87. A finance charge of $514.63 was added which resulted in a $3,344.50 loan contract signed by the dece-

dent. The loan contract is dated October 25, 1967 and was secured by a lien on the new 1968 Buick.

After the death of Morris Williams, the plaintiff as administrator made inquiries as to credit life insurance. A letter was introduced written by the office manager of Twin City Motors, Inc. wherein it is stated there was no insurance on the life of Mr. Williams because he was over 60 years of age. The proof is uncontradicted the decedent, Williams, was not over 60 years of age when he purchased the car and made the loan. The record is rather insufficient as to just what transpired between the heirs of Mr. Williams and the two defendants. At any rate the car was repossessed by Valley Fidelity Bank because of failure to meet payments. At the time of repossession the balance due on the note was $2,262.99. The automobile was delivered by the bank to Twin City Motors, Inc. for some reason not explained in the record, and receipted for by the office manager of that company.

Apparently the heirs of Morris Williams made arrangments to purchase the car and to pay the debt owing to the bank. When the son of Morris Williams went to pay the debt the bank gave credit on the note of the sum of $81.37, the amount it had previously charged Morris Williams for credit life insurance. No credit life insurance had been purchased to secure the loan, and to protect the estate of Morris Williams.

The administrator sued both Twin City Motors, Inc. and Valley Fidelity Bank and Trust Company in the General Sessions Court of Knox County for a sum less than $2,500.00 as damages due to breach of contract, the breach complained of being the failure of the defendants

to obtain credit life insurance on the life of the decedent Morris Williams as contracted and agreed.

The cause was appealed to the Circuit Court of Knox County and heard before the Trial Judge without a jury. At the conclusion of the plaintiff's proof the Trial Judge dismissed the suit as against Twin City Motors, Inc., and gave judgment for the plaintiff against Valley Fidelity Bank in the amount of $81.37, which amount the Court found to have been held by the bank for Morris Williams without accounting to his estate.

The plaintiff appealed to this Court and assigned two errors: (1) "The Court erred in fixing the amount of appellant's damages as against the bank in the amount of $81.37 instead of the amount sued for of $2500.00;" and, (2) "The Court erred in dismissing the appellant's suit as to Twin City Motors, Inc. at the end of appellant's proof."

From the undisputed testimony of an official of Fidelity Bank we find as a fact that institution did charge the decedent Williams $81.37 as premium on a credit life insurance policy to cover the loan of which that sum was a part. We further find the bank deposited the amount of $81.37 withheld to its Fees Account, whereas, it was supposed to deposit that sum in an account of Twin City Motors, Inc. designated as the Credit Life Insurance Account of that defendant. The official of the bank admitted this was error and the funds were thus misapplied. Apparently, though the record is not clear, had the deposit been properly made to the credit life insurance account of Twin City Motors, Inc., that concern would have then purchased the insurance. There was no attempt

to correct this error until after the death of Mr. Williams, at the time the loan was paid by his son.

The bank argues there was no contract between it and the decedent whereby the bank was to purchase credit life insurance, and if a contract be claimed it fails for lack of consideration to the bank. The bank argues it merely contracted to lend money. We hold this contention is not sound under the record.

The contract was proved as Exhibit 2 in the record, designated as Loan No. 0185 made by the bank to Morris Williams. This contract as herein noted included a charge of $81.37 for credit life insurance. That figure was included in the "Amount to be Financed" upon which a finance charge of $514.63 was figured and added thereto with the resulting $3,344.50 shown as "The Amount of Contract." We hold this instrument was the contract, and the $514.63 finance charge was the consideration flowing to the bank.

When a bank makes a charge against a borrower for credit life insurance premiums, includes that amount in the loan, and retains the money so charged, we hold the bank not only assumes the contractual obligation to properly apply the amount to credit life insurance, but also stands in a fiduciary capacity toward the borrower to see that the amount so charged and withheld is actually applied to the purchase of such insurance.

The inclusion of credit life insurance in a lender-borrower transaction is not for the sole benefit of, nor at the option of the lender. Credit life insurance is also a very important and vital part of the transaction to the bor-

rower because it offers absolute protection to his estate for the unpaid balance of the debt in the event of his death before payment in full.

■ The bank failed to apply the $81.37 to the purchase of credit life insurance on the life of Morris Williams, and offered no reason therefor except error on the part of an employee. We hold the bank thereby breached its contract with Morris Williams, and breached its fiduciary duty to purchase the insurance, with a resulting loss to the estate of Morris Wililams in the sum of $2,262.99, that being the unpaid balance of the debt.

The position of Twin City Motors, Inc. is not quite so clear. The facts indicate the bank may have acted as the agent of the motor company in charging and holding the insurance premiums. Also, the unexplained return of the Buick to the motor company upon repossession, and the letter from the office manager of the motor company attempting to explain the reason credit life insurance was not purchased, all tend to involve that concern in the entire transaction.

■ The burden was on the plaintiff to prove the case against both defendants. Under the proof we hold the evidence does not preponderate against the Trial Judge's finding of no contract to purchase credit life insurance between Williams and Twin City Motor Company. We therefore, affirm the judgment dismissing that defendant. T.C.A. sec. 27-303. Plaintiff's second assignment of error is overruled.

Plaintiff's first assignment is sustained to the extent judgment may be entered in this Court in favor of the

plaintiff against the defendant Valley Fidelity Bank and Trust Company for the sum of $2,262.99 plus cost in this Court and the Trial Court. The judgment of the Trial Court as thus modified is affirmed, said judgment to draw interest from December 31, 1970, the date of judgment in the Trial Court, at the rate of 6 per cent per annum. T.C.A. sec. 47-14-110.

■ Both defendants argue the appellant failed to comply with the Rules of this Court regarding the filing of assignments of error. The Assignments of Error are clearly stated and understood by the Court. There may be a failure in the Brief and Argument to refer to the Record by page, but the appeal as perfected satisfies the Court by pointing directly to the contract signed, and the testimony of the official of the defendant bank.

Nearn and Sanders, JJ., concur.

### ON PETITION TO REHEAR

MATHERNE, Judge.

The defendant Valley Fidelity Bank by Petition to Rehear asserts it should be granted a new trial because the Trial Judge rendered judgment against it without first hearing proof on behalf of the defendant.

■ This defendant did not appeal from the judgment of the Trial Court. The defendant cannot by Petition to Rehear perfect an appeal to this Court.

The Petition to Rehear is disallowed, at the cost of the petitioner.

Nearn and Sanders, JJ., concur.